**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No.<br><br>Hon. |

**_EX PARTE_ APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Based upon the Memorandum of Law, the declaration of Christie Hui Zhang and the exhibits appended thereto, Applicants Rockwell Automation, Inc. and Rockwell Automation (China) Co., Ltd. (together, the "Applicants" or "Rockwell") respectfully apply to this Court, pursuant to 28 U.S.C. § 1782, for an Order granting the Applicants Leave to Take Discovery from ODVA, Inc. ("ODVA"), and to serve upon ODVA the subpoena attached hereto as Exhibit 1.

Dated: September 18, 2026

*/s/ Scott H. Sirich*
**PLUNKETT COONEY**
Scott H. Sirich (P46879)
38505 Woodward Ave #100
Bloomfield Hills, MI 48304
T: (248) 594-8228
F: (248) 901-4040
Email: ssirich@plunkettcooney.com

**ALSTON & BIRD LLP**
E. Scott Schirick
Alan Mendelsohn
90 Park Avenue
New York, NY 10016
D: 212-905-9032
Email: scott.schirick@alston.com
alan.mendelsohn@alston.com

*Attorneys for Rockwell Automation, Inc. and Rockwell Automation (China) Co., Ltd.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| In re *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No.<br><br>Hon. |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

# TABLE OF CONTENTS


ISSUES PRESENTED ..... ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY ..... iii

TABLE OF AUTHORITIES ..... iv

PRELIMINARY STATEMENT ..... 1

BACKGROUND ..... 4

I. The Parties ..... 4

II. I-CON's Unfair Competition ..... 5

III. The Chinese Proceeding ..... 6

IV. The Requested Discovery ..... 7

ARGUMENT ..... 8

I. LEGAL STANDARDS ..... 8

II. APPLICANTS SATISFY THE STATUTORY THRESHOLD REQUIREMENTS OF SECTION 1782 ..... 10

A. ODVA Resides in this District ..... 10

B. The Discovery Sought is "For Use" in a Foreign Proceeding ..... 10

C. The Applicants Are Interested Persons Under Section 1782 ..... 11

III. *INTEL'S* DISCRETIONARY FACTORS FAVOR GRANTING THE PETITION ..... 12

A. ODVA Is Not a Party to the Chinese Proceeding ..... 12

B. The Suzhou Court Will Be Receptive to the Discovery ..... 13

C. The Discovery Sought by Applicants Would Not Circumvent the Chinese Judicial Process ..... 14

D. The Discovery Sought Is Narrowly Tailored ..... 15

IV. THE COURT SHOULD GRANT THE APPLICATION *EX PARTE* ..... 17

CONCLUSION ..... 18

## ISSUES PRESENTED

**I. Does this Application meet the statutory requirements for 28 U.S.C. § 1782 discovery?**

Yes, because this Application is brought by interested parties seeking narrow discovery for use in proceedings before a foreign tribunal from one respondent, ODVA, Inc., which is found in the Eastern District of Michigan.

**II. With the statutory requirements satisfied, should the Court exercise its discretion to grant the Application?**

Yes, because the discretionary factors for Section 1782 discovery identified by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004), and applied by the courts of this Circuit, weigh in favor of granting the Application.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

- 28 U.S.C. § 1782
- *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004)
- *JSC MCC EuroChem v. Chauhan*, 18-5890, 2018 WL 9650037 (6th Cir. Sept. 14, 2018)

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdul Latif Jameel Transp. Co. v. FedEx Corp.*
939 F.3d 710 (6th Cir. 2019) ....................15

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
673 F.3d 76 (2d Cir. 2012)....................9, 12

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)....................10

*Euromepa S.A. v. R. Esmerian Inc.*,
154 F.3d 24 (2d Cir. 1998)....................10

*Euromepa, S.A. v. R. Esmerian, Inc.*,
51 F.3d 1095 (2d Cir. 1995)....................13

*Gushlak v. Gushlak*,
486 F. App'x 215 (2d Cir. 2012) ....................17

*In re Alpine Partners*,
No. 2:23-mc-23, 2023 WL 4199082 (S.D. Ohio June 26, 2023)....................11, 12, 13, 17

*In re Apotex, Inc.*,
2008 U.S. Dist. LEXIS 107453 (E.D. Mich. Dec. 4, 2008)....................18

*In re Application of Malev Hungarian Airlines*,
964 F.2d 97 (2d Cir. 1992)....................15

*In re Application of Nokia Corp.*,
107-MC-47, 2007 WL 1729664 (W.D. Mich. June 13, 2007) ....................13, 18

*In re Application of Sveaas*,
249 F.R.D. 96 (S.D.N.Y. 2008) ....................11, 12, 15

*In re Bartholet Maschinebau AG*,
No. 6:25-cv-00203-SCM, 2025 WL 5261450 (E.D. Ky. Dec. 22, 2025)....................10, 13, 17

*In re Caterpillar Inc.*,
No. 3:19-mc-0031, 2020 WL 1923227 (M.D. Tenn. Apr. 21, 2020) ....................11, 14

*In re del Valle Ruiz*,
939 F.3d 520 (2d Cir. 2019)....................10

*In re Edelman*,
295 F.3d 171 (2d Cir. 2002)....................9, 10

*In re Ex Parte Application of Align Tech., Inc.*,
2022 WL 18460717 (C.D. Cal. Dec. 15, 2022) ........................................................13

*In re IPC Do Nordeste, LTDA, For an Or. Seeking Discovery Under 28 U.S.C. 1782*,
12-50624, 2012 WL 4448886 (E.D. Mich. Sept. 25, 2012) ..........................................18

*In re JSC BTA Bank*,
577 F. Supp. 3d 262 (S.D.N.Y. 2021)........................................................................18

*In re Ltr. Rogatory from J. Ct., Dist. of Montreal, Canada*,
383 F. Supp. 857 (E.D. Mich. 1974), aff'd, 523 F.2d 562 (6th Cir. 1975)............................18

*In re Servicio Pan Americano*,
354 F. Supp. 2d 269 (S.D.N.Y. 2004)........................................................................14

*In re Veiga*,
746 F. Supp. 2d 8 (D.D.C. 2010) ........................................................................10, 11

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004).............................................................................................. *passim*

*JSC MCC EuroChem v. Chauhan, No. 18-5890*,
2018 WL 9650037 (6th Cir. Sept. 14, 2018) ..........................................................3, 9

*Luxshare, Ltd. v. ZF Auto. US, Inc.*,
2021 WL 2154700 ......................................................................................................16

*Luxshare, Ltd. v. ZF Auto. US, Inc.*,
547 F. Supp. 3d 682 (E.D. Mich. 2021)................................................................9, 12

*Mees v. Buiter*,
793 F.3d 291 (2d Cir. 2015)................................................................................9, 14, 15

**RULES**

Federal Rule of Civil Procedure 26(b).........................................................................15

Federal Rule of Civil Procedure 45(c)(3) .....................................................................17

**STATUTES**

28 U.S.C. § 1782..................................................................................................... *passim*

Applicants Rockwell Automation, Inc. and Rockwell Automation (China) Co., Ltd. (together, the "Applicants" or "Rockwell") respectfully submit this Memorandum of Law in support of their *Ex Parte* Application (the "Application") for an Order, Pursuant to 28 U.S.C. § 1782 ("Section 1782"), authorizing Applicants to obtain certain limited discovery from ODVA, Inc. ("ODVA"), a Michigan-based standards development organization and membership association, for use in Applicants' unfair competition civil action (the "Chinese Proceeding") before the Suzhou Intermediate People's Court of Jiangsu Province ("the Suzhou Court"). This Application is supported by the points and authorities set forth below, together with the Declaration of Christie Hui Zhang (the "Zhang Decl.") (attached hereto as Exhibit 2) and the exhibits thereto—an English translation of the operative civil complaint in the Chinese Proceeding (Ex. 2A, the "Complaint" or "Compl."), and an original copy of the Complaint (Ex. 2B). The subpoena *duces tecum* to be served on ODVA is attached hereto as Exhibit 1 (the "Subpoena"), and the Proposed Order is attached as Exhibit 3.

## PRELIMINARY STATEMENT

Rockwell Automation, Inc. ("Rockwell Automation"), headquartered in Milwaukee, Wisconsin, is one of the world's largest companies dedicated to industrial automation and information technology. For more than a century, it has focused on industrial automation and has developed and commercialized industrial-control hardware and software systems. Rockwell Automation entered the Chinese market in the 1980s and built a substantial operating and research presence there. *See* Compl. § I. At the center of Rockwell's industrial automation ecosystem is Studio 5000 Logix Designer ("Studio 5000"), Rockwell's core integrated development environment ("IDE") for programming its Logix-series controllers, including ControlLogix and CompactLogix. Zhang Decl. ¶¶ 11–12. Together with Logix controllers, I/O modules,

communication adapters, technical documentation, and customer engineering projects, Studio 5000 forms part of Rockwell's industrial automation ecosystem. Zhang Decl. ¶¶ 11-13; Compl. § I. Engineers can use Studio 5000 to configure connected industrial equipment, such as defining how a robotic axis moves or specifying when a motor starts in response to input from a sensor.

In July 2026, Rockwell commenced the Chinese Proceeding—a civil action in the Suzhou Court against I-CON (Zhejiang) Industrial Technology Co., Ltd., its Suzhou Branch, I-CON (Suzhou) Industrial Control Co., Ltd., and Bin Gao (together, "I-CON"). Zhang Decl. ¶¶ 8-9; Compl. § II. I-CON is a Chinese industrial automation company whose founder, Bin Gao, worked for Rockwell and its affiliates from 2005 through 2016 before founding I-CON in 2016. Compl. § II. I-CON is a direct competitor, as its business overlaps with Rockwell's industrial automation control software, controllers, and systems-integration markets. In the Chinese Proceeding, Rockwell alleges that I-CON has been systematically copying Rockwell's Studio 5000 software, misusing Rockwell's ODVA-assigned Vendor IDs, and making false representations that I-CON is an "ODVA Member" and "ODVA Authorized Vendor" when in reality its ODVA membership was terminated in November 2023. *See* Compl. Rockwell alleges this conduct misappropriates Rockwell's intellectual property, makes I-CON's products falsely appear to be Rockwell products or authorized by Rockwell, trades on Rockwell's reputation, and constitutes unfair competition under Chinese law. *Id.*

This Application seeks the Court's authorization to seek and obtain targeted discovery from ODVA, a standards-setting organization and membership association headquartered in Ann Arbor, Michigan, because ODVA's records bear directly on Rockwell's unfair-competition claims in the Chinese Proceeding. ODVA administers the EtherNet/IP and CIP standards, manages membership, assigns Vendor IDs, and oversees product conformance testing and certification. Its records can

establish: whether I-CON was authorized to use Rockwell's Vendor IDs and EtherNet/IP technology; the rules I-CON agreed to follow and whether it violated them; whether I-CON marketed its products beyond the scope of its ODVA certifications; the basis for the termination of I-CON's ODVA membership; and I-CON's knowledge that its continued use of certain products and marketplace representations following termination of I-CON's ODVA membership were unauthorized and misleading. *See* Zhang Decl. ¶¶ 14, 16-17, 24-40; *see also* Compl. §§ III–IV.

The discovery Rockwell seeks is exactly the type of evidence-gathering that Congress intended Section 1782 to facilitate. Section 1782 "'is the product of Congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals" and its "'twin aims' are 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *JSC MCC EuroChem v. Chauhan, No. 18-5890*, 2018 WL 9650037, at *2 (6th Cir. Sept. 14, 2018) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247-252 (2004)).

Rockwell satisfies Section 1782's statutory requirements, and each discretionary factor favors granting the Application. ODVA is found in this District; Rockwell is an interested party in an ongoing adjudicative proceeding in China; and the requested discovery is for use in that foreign proceeding. The Suzhou Court is receptive to evidence obtained through Section 1782, the request does not circumvent Chinese proof-gathering rules, and the Subpoena is limited to eight narrowly tailored requests. ODVA is not a party to the Chinese Proceeding and cannot be compelled by the Suzhou Court, making Section 1782 the practical means to obtain this evidence. Zhang Decl. ¶¶ 15, 24-26, 41-48; Compl. The Suzhou Court has scheduled a hearing on the merits for October 13, 2026, which will be the parties' first opportunity to exchange evidence. Rockwell specifically

intends to submit evidence obtained from ODVA at or before that hearing. If Rockwell is unable to obtain and submit evidence from ODVA in time for this hearing, Rockwell anticipates that it will need to explain the circumstances to the Suzhou Court and apply for an extension of the evidentiary period. While there may still be additional opportunities to submit evidence obtained from ODVA after the October hearing, it is important that Rockwell obtain, prepare and submit the evidence from ODVA as promptly as possible. In addition, because documents produced in response to the Subpoena will need to be authenticated and translated for use in China, a process Rockwell estimates will require six to ten weeks, time is of the essence. *Id.* ¶¶ 23, 49-52.

For these reasons, and those set forth herein, Rockwell respectfully requests that the Court grant its Application.

## BACKGROUND

### I. The Parties

Rockwell Automation, Inc. is one of the world's largest companies dedicated to industrial automation and information technology. For more than a century, it has developed and commercialized industrial-control hardware and software systems, including its flagship Allen-Bradley and FactoryTalk brands. Rockwell Automation entered the Chinese market in the 1980s and has built a substantial operating and research presence there. *See* Compl. § I.

Rockwell Automation (China) Co., Ltd. ("Rockwell China") is Rockwell's Chinese operating entity. It provides Chinese customers with industrial automation product sales, systems integration, technical services, training, and after-sales support. *See id.* § I.

The defendants in the Chinese Proceeding (referred to collectively herein as "I-CON") are I-CON (Zhejiang) Industrial Technology Co., Ltd., its Suzhou Branch, I-CON (Suzhou) Industrial Control Co., Ltd., and Bin Gao, the legal representative or person in charge of the entities. I-

CON's business overlaps with Rockwell's industrial automation control software, controllers, servo products, and systems-integration markets, so the companies directly compete. *See id.* § II. Gao worked for Rockwell and its affiliates from 2005 through 2016 and founded I-CON in 2016; he has managed and controlled I-CON's research, production, sales, and promotional activities. Zhang Decl. ¶ 9; *see also* Compl. § II.

ODVA is not a party to the Chinese Proceeding. Zhang Decl. ¶ 15. It is a standards-setting organization that manages and promotes EtherNet/IP and the Common Industrial Protocol ("CIP"), administers membership and conformance processes, and assigns Vendor IDs to authorized manufacturers. *See* Compl. § IV. A Vendor ID identifies the manufacturer associated with a product. Zhang Decl. ¶¶ 14-16. ODVA is headquartered in Ann Arbor, Michigan.[1]

## II. I-CON's Unfair Competition

Rockwell alleges that I-CON's ICS Studio software, a competing industrial automation programming platform, systematically copies Rockwell's Studio 5000 software. Zhang Decl. ¶ 20(a); Compl. § III. The alleged copying extends to the software's design, structure, interface, operational logic, and functionality, including module-configuration resources and instruction and parameter text. Zhang Decl. ¶ 20(a); Compl. § III.

Rockwell further alleges that I-CON improperly used Rockwell's ODVA Vendor IDs in I-CON's products. Compl. § IV. Specifically, Rockwell alleges I-CON used Vendor ID 1, assigned to Rockwell Automation, and Vendor ID 5, assigned to Reliance Electric, a former Rockwell affiliate, in its EDS files, AOP files, and user interfaces. Zhang Decl. ¶ 20(b). Because a Vendor

[1] *ODVA HQ and TSP Locations*, ODVA, https://www.odva.org/about/odva-hq-and-tsp-locations/ (last visited August 27, 2026) (identifying ODVA's Ann Arbor, Michigan location as its "headquarters" and only U.S. location).

ID identifies the manufacturer, that use made I-CON's products falsely appear to be Rockwell products or authorized by Rockwell. Zhang Decl. ¶ 20(b); Compl. § IV.

Rockwell also alleges that, after ODVA terminated I-CON's membership in November 2023, I-CON continued to represent that it was an ODVA member and authorized vendor. Zhang Decl. ¶ 20(c); Compl. § IV. Rockwell alleges I-CON concealed the termination from customers and continued using ODVA-related certifications, marks, and technology without authorization. Zhang Decl. ¶ 20(c); Compl. § IV.

Finally, Rockwell alleges that I-CON marketed its products as offering "one-click migration" and "seamless replacement" with Rockwell products, trading on Rockwell's reputation and misleading customers about affiliation, endorsement, or compatibility. Zhang Decl. ¶ 20(d); Compl. § IV.

## III. The Chinese Proceeding

Rockwell filed the Chinese Proceeding, an unfair competition action against the I-CON Defendants, in July 2026, asserting claims under Articles 2, 7, and 9 of the Anti-Unfair Competition Law of the People's Republic of China. Zhang Decl. ¶ 19; Compl. § IV. Article 7 prohibits acts of confusion that cause others to mistake a business operator's goods for those of another person or to believe the operator has a particular connection with another person. Zhang Decl. ¶ 19. Article 9 prohibits false or misleading commercial publicity. *Id.* Article 2 requires business operators to follow the principles of voluntariness, equality, fairness, and good faith and to participate fairly in market competition. *Id.* The Suzhou Court formally docketed the case on July 16, 2026, as Case No. (2026) Su Min Chu No. 617. *Id.* ¶ 8.

Rockwell seeks the following relief in the Chinese proceeding: (1) an order requiring I-CON to stop using Rockwell's proprietary content in their ICS Studio software and related

materials; (2) an order requiring I-CON to take down, delete, and cease providing all infringing software and materials and remediate copies already distributed; (3) an order prohibiting I-CON from falsely claiming ODVA membership or authorization and from using Rockwell's vendor identification codes; (4) an order requiring I-CON to publish corrective statements to eliminate the adverse effects of their conduct; (5) RMB 5 million in joint and several damages for economic losses and enforcement expenses; and (6) all litigation costs. *See* Compl.

The Chinese Proceeding remains at an early stage. The Suzhou Court has not issued any substantive rulings. Zhang Decl. ¶ 22. The Suzhou Court has scheduled a hearing on the merits for October 13, 2026. *Id.* ¶¶ 23, 49. Rockwell intends to submit evidence obtained from ODVA at or before that hearing. Documents produced in response to the Subpoena will need to be authenticated and translated for use in China, a process Rockwell estimates will take approximately six to ten weeks. *Id.* ¶¶ 23, 49-52.

## IV. The Requested Discovery

Rockwell seeks limited production from ODVA in six categories of documents (comprising eight requests), all directly relevant to the unfair competition claims in the Chinese Proceeding. ODVA's contemporaneous records bear on authorization, product identity, certification scope, notice, knowledge, likely confusion, and the truth or falsity of I-CON's marketplace representations. *Id.* ¶¶ 24-26.

The categories are: (1) ODVA's governing documents and policies concerning membership obligations, Vendor ID use, product conformance testing and certification, trademarks, and post-termination requirements (*id.* ¶¶ 27-29); (2) records concerning Vendor IDs 1 and 5 assigned to Rockwell (*id.* ¶¶ 30-31); (3) I-CON's ODVA membership agreement and records concerning Vendor ID 1447 (*id.* ¶¶ 32-33); (4) chain-of-title and intellectual-property-ownership documents

for EtherNet/IP, CIP, DeviceNet, ControlNet, and related technology (*id.* ¶¶ 34-35); (5) I-CON's ODVA conformance-testing and certification files (*id.* ¶¶ 36-37); and (6) documents concerning ODVA's termination of I-CON's membership and I-CON's post-termination conduct (*id.* ¶¶ 38-40).

These documents are necessary because they will establish the rules I-CON agreed to follow, confirm that Vendor IDs 1 and 5 belong to Rockwell (or, for Vendor ID 5, its predecessor Reliance Electric), show what I-CON knew about its obligations, identify the products ODVA tested and certified, and demonstrate whether I-CON's post-termination use of ODVA technology was unauthorized. *See id.* ¶¶ 25-40.

The Suzhou Court cannot compel ODVA to produce these documents. *Id.* ¶¶ 41-44. ODVA is a U.S. entity and non-party outside the Suzhou Court's jurisdiction, and Chinese law provides no mechanism to require a foreign non-party to provide discovery in a Chinese civil action. Rockwell therefore cannot obtain this pretrial discovery through the Chinese Proceeding. *Id.*

## <u>ARGUMENT</u>

### I. LEGAL STANDARDS

Section 1782 of Title 28 of the United States Code permits United States District Courts to grant discovery for use in a pending or reasonably contemplated foreign proceeding. *Intel Corp.*, 542 U.S. at 259. The statute states, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

28 U.S.C. § 1782.

"A district court has authority to grant a § 1782 application where: (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made; (2) the discovery is for use in a foreign proceeding before a foreign [or international] tribunal; and (3) the application is made by a foreign or international tribunal or any interested person." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citation and quotations omitted); *Luxshare, Ltd. v. ZF Auto. US, Inc.*, 547 F. Supp. 3d 682, 688 (E.D. Mich. 2021) (same).

If the three statutory requirements are satisfied, courts consider four discretionary factors in deciding whether to grant a Section 1782 application: (1) whether discovery is sought from a participant in the foreign proceeding who is accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the tribunal to U.S. federal-court judicial assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoenas contain unduly intrusive or burdensome requests. *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 80-81 (2d Cir. 2012) (*citing Intel*, 542 U.S. at 264-65); *Luxshare, Ltd.,* 547 F. Supp. at 688 (same); *JSC MCC Eurochem v. Sandeep Chauhan*, No. 18-5890, 2018 WL 9650037, at *1-2 (6th Cir. Sep. 14, 2018) (same).

Congress intended to provide a liberal avenue to discovery in aid of foreign proceedings. *See Intel,* 542 U.S. at 247-48; *Luxshare, Ltd.*, 547 F. Supp. 3d at 688 (noting that the decision to grant discovery is made in light of the "twin aims" of § 1782: "providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts") (quoting *Intel*, 542 U.S. at 252) (quotations omitted); *Brandi-Dohrn*, 673 F.3d at 80 ("[T]he statute has, over the years, been given increasingly broad applicability")

(citation and quotations omitted); *In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) ("In sum, Congress has expressed as its aim that the statute be interpreted broadly . . . .").

## II. APPLICANTS SATISFY THE STATUTORY THRESHOLD REQUIREMENTS OF SECTION 1782

Applicants satisfy the three statutory threshold requirements of Section 1782: (1) ODVA "resides" and is "found" in the Eastern District of Michigan; (2) the requested information is "for use in a proceeding in a foreign or international tribunal"; and (3) Applicants are "interested persons" as the litigants in the Chinese Proceeding, all within the meaning of the statute.

### A. ODVA Resides in this District

Courts generally apply a "flexible reading" of the words "reside" and "found" in Section 1782 and interpret the terms broadly. *In re Edelman*, 295 F.3d at 178. Generally speaking, the scope of this language "extend[s] to the limits of personal jurisdiction consistent with due process." *In re del Valle Ruiz*, 939 F. 3d 520, 527 (2d. Cir. 2019) (cleaned up). A court has general, all-purpose personal jurisdiction over a legal entity when that entity is incorporated in the state or it has its principal place of businesses within the state. *See Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014). In *Hertz Corp. v. Friend*, the Supreme Court clarified that the principal place of business for a corporation is the "nerve center" where "a corporation's officers direct, control, and coordinate the corporation's activities." 559 U.S. 77, 92–93 (2010).

Applying this standard, ODVA can be found in the Eastern District of Michigan. As noted above, ODVA has its principal place of business and its headquarters in Ann Arbor, Michigan, which is within this District. *See* n.1, *supra*.

### B. The Discovery Sought is "For Use" in a Foreign Proceeding

Discovery is considered "for use" in a foreign proceeding where there is an ongoing foreign proceeding, which is adjudicative in nature. *Euromepa S.A. v. R. Esmerian Inc.*, 154

F.3d 24, 27 (2d Cir. 1998); *In re Bartholet Maschinebau AG*, No. 6:25-cv-00203-SCM, 2025 WL 5261450, at *3 (E.D. Ky. Dec. 22, 2025) ("[I]f the proceeding is within reasonable contemplation[,] . . . [t]hat is enough to satisfy the requirement that the discovery be sought for use in a foreign proceeding.") (quotations omitted). District Courts throughout the United States have recognized that the burden of proving the "for use" requirement is "de minimis." *See, e.g., In re Veiga*, 746 F. Supp. 2d 8, 18 (D.D.C. 2010) ("[T]he burden imposed upon an applicant is de minimis."); *In re Application of Sveaas*, 249 F.R.D. 96, 106–07 (S.D.N.Y. 2008) (noting that the courts apply a "broadly permissive" standard in determining whether the information is relevant to a foreign proceeding); *In re Caterpillar Inc.*, No. 3:19-mc-0031, 2020 WL 1923227, at *8 (M.D. Tenn. Apr. 21, 2020) ("The applicant is only required to make a prima facie showing that the discovery sought has 'some relevance' to the foreign proceeding."). This "liberal standard" is satisfied so long as the discovery sought "has some reasonable bearing upon" a pending foreign proceeding or a foreign proceeding that is within the "reasonable contemplation" of the applicant. *See In re Veiga*, 746 F. Supp. 2d at 19, 21, 23 (quoting *Intel* Corp., 542 U.S. at 259) (quotations omitted).

Here, the Chinese Proceeding is plainly an adjudicative, judicial proceeding pending before the Suzhou Intermediate People's Court of Jiangsu Province. *See* Zhang Decl. ¶ 8. The materials, once obtained, will be used in the Chinese Proceeding because the information in them is likely to bear on certain facts in dispute, including whether I-CON was authorized to use Rockwell's Vendor IDs, whether I-CON's products were properly certified by ODVA, whether I-CON's representations about its ODVA membership status were truthful, and the scope and circumstances of ODVA's termination of I-CON's membership. Zhang Decl. ¶¶ 24-40; Compl. §§ III-IV.

### C. <u>The Applicants Are Interested Persons Under Section 1782</u>

As litigants in the Chinese Proceeding, Applicants are by definition "interested persons" within the meaning of Section 1782. *See Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782 . . ."); *In re Alpine Partners*, No. 2:23-mc-23, 2023 WL 4199082, at *2 (S.D. Ohio June 26, 2023) ("Alpine is a party to the Appraisal Proceeding in [the foreign country]. Alpine therefore has a significant interest in obtaining discovery related to that action."). As such, Applicants satisfy the third statutory requirement.

## III. *INTEL'S* DISCRETIONARY FACTORS FAVOR GRANTING THE PETITION

Once the statutory requirements of Section 1782 are met, courts consider the four discretionary factors set forth by the Supreme Court in *Intel*. *See Brandi-Dohrn*, 673 F.3d at 80-81. Here, each of these factors weighs in favor of granting the requested discovery.

### A. ODVA Is Not a Party to the Chinese Proceeding

As to the first factor, because ODVA is not a party to the Chinese Proceeding and is not located in China (Zhang Decl. ¶ 15; *see also* Compl. § IV), any potential evidence it may have in the United States "may be unobtainable … absent § 1782." *Intel*, 542 U.S. at 264; *see also In re Application of Sveaas*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008) (granting petition for discovery and noting that petitioner's "status as a non-party . . . weighs in favor of granting [the] application"); *Luxshare, Ltd.*, 547 F. Supp. 3d at 689 (finding first *Intel* factor weighed in favor of discovery where respondents are participants in the foreign proceeding but "evidence may be unobtainable absent § 1782(a) aid") (internal quotation marks omitted); *In re Alpine Partners*, 2023 WL 4199082, at *2 (discovery target "not a party to the Appraisal Proceeding, and thus, he appears to be 'outside the foreign tribunal's jurisdictional reach,' and his testimony 'may be unobtainable absent § 1782(a) aid.'"). This is precisely the case here, as the Suzhou Court lacks the power to

compel the requested discovery. *See* Zhang Decl. ¶¶ 41-44. The first *Intel* factor thus weighs in favor of granting the Application.

**B. <u>The Suzhou Court Will Be Receptive to the Discovery</u>**

The second *Intel* factor similarly supports granting Applicants' request. That factor looks to the nature of the foreign tribunal, and the receptivity of the foreign court to U.S. judicial assistance. *Intel*, 542 at 264-265. "Absent specific directions to the contrary from a foreign forum, the statute's underlying policy should generally prompt district courts to provide some form of discovery assistance." *Euromepa, S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1102 (2d Cir. 1995); *In re Alpine Partners*, 2023 WL 4199082, at *3 ("[I]n the absence of any indication that the [foreign] court would not be receptive to U.S. federal-court judicial assistance, the second *Intel* factor weighs in favor of granting."); *In re Bartholet*, 2025 WL 5261450, at *4 ("[T]he lack of affirmative evidence of a country's hostility to United States federal judicial assistance causes this factor to weigh in favor of granting the application."). This factor weighs in favor of permitting Section 1782 discovery unless there is "authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *Id.* at 1100.

United States courts have allowed participants in Chinese judicial proceedings to obtain discovery under Section 1782. In *In re Nokia Techs. Oy*, the court found "no evidence that the Chinese courts would be unreceptive to the evidence obtained through this application" and granted Section 1782 application for discovery in support of patent infringement actions pending before the Suzhou Court and the Beijing Intellectual Property Court. 2022 WL 788702, at *3-4 (S.D. Cal. Mar. 15, 2022); *see also In re Ex Parte Application of Align Tech., Inc.*, 2022 WL 18460717, at *1, 4-7 (C.D. Cal. Dec. 15, 2022) (recommending grant of § 1782 application for

discovery in support of patent proceedings before the Beijing Municipal Intellectual Property Office).

Here, Ms. Zhang, a practicing Chinese lawyer who represents Rockwell in the Chinese Proceeding, confirms that Chinese courts are receptive to evidence obtained through Section 1782 proceedings. Under the Civil Procedure Law of the People's Republic of China, courts evaluate evidence based on its relevance, authenticity, and legality, without categorical restrictions on how the evidence was obtained. Zhang Decl. ¶¶ 45-47. Ms. Zhang is not aware of any Chinese rule prohibiting a party from seeking evidence via Section 1782 or declaring such evidence inadmissible. *Id.* ¶ 46. Accordingly, Rockwell will be able to submit any documents obtained through this Application in the Chinese Proceeding. *Id.* ¶¶ 47-48. The second *Intel* factor thus weighs in favor of granting the Application.

### C. <u>**The Discovery Sought by Applicants Would Not Circumvent the Chinese Judicial Process**</u>

The third *Intel* factor looks to "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel,* 542 U.S. at 265. There is no requirement that a petitioner seeking discovery under Section 1782 first attempt to obtain the requested information via the foreign tribunal. *See Mees*, 793 F.3d at 303 (Section 1782 "contains no foreign-discoverability requirement."); *In re Caterpillar*, 202 WL 1923227, at *13 (finding that courts may grant "broader discovery under § 1782 than what might be permitted in the foreign tribunal"). Nor must an applicant wait until the evidentiary stage of the foreign proceeding. *In re Servicio Pan Americano*, 354 F. Supp. 2d 269, 274 (S.D.N.Y. 2004) ("Section 1782 may be invoked even where foreign legal proceedings are not even underway . . . ").

Here, the Application does not attempt to circumvent any proof-gathering restriction or public policy in the Chinese Proceeding. Rather, Applicants invoke Section 1782 to obtain ODVA's contemporaneous business records concerning Vendor ID assignments, membership agreements, conformance testing, and the termination of I-CON's membership—documents that are maintained by ODVA at its headquarters in Ann Arbor, Michigan, and that bear directly on the authorization, product identity, and certification issues at the heart of the Chinese Proceeding. Zhang Decl. ¶¶ 24-26. These documents cannot be obtained through the Chinese Proceeding because the Suzhou Court lacks jurisdiction over ODVA, a non-party U.S. entity, and Chinese law provides no mechanism to compel a foreign non-party to produce documents. Zhang Decl. ¶¶ 41-44. Applicants' motivations for seeking Section 1782 discovery are thus aligned with Congress' goals in enacting Section 1782: "[T]o assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws[.]" *Intel*, 542 U.S. at 262. The third *Intel* factor thus weighs in favor of granting the Application.

### D. **The Discovery Sought Is Narrowly Tailored**

The fourth *Intel* factor likewise supports granting the Application. That factor looks to whether the discovery requests are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Like all federal discovery, the proper scope of discovery under Section 1782 is governed by Federal Rule of Civil Procedure 26(b). *Mees*, 793 F.3d at 302; *In re Application of Sveaas*, 249 F.R.D. at 106. Accordingly, district courts retain "broad authority" to fashion discovery orders issued pursuant to section 1782. *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 102 (2d Cir. 1992); *see also Abdul Latif Jameel Transp. Co. v. FedEx Corp. (In re Application to Obtain Discovery for Use in Foreign Proceedings)*, 939 F.3d 710, 730 (6th Cir. 2019) ("[D]istrict courts

enjoy substantial discretion to shape discovery under § 1782(a)."); *Luxshare, Ltd. v. ZF Auto. US, Inc.*, 2021 WL 2154700, at *13-14 (agreeing that "the scope of Section 1782 discovery is governed by the Federal Rules of Civil Procedure").

Here, Applicants' discovery requests are narrowly tailored to the claims at issue. The Subpoena seeks six discrete categories of documents (comprising eight individual requests), each tied to specific issues in the Chinese Proceeding and limited in time or subject matter.

*First,* ODVA's governing documents and policies, including those in effect from April 1, 2016[2] to the present, will establish the membership, Vendor ID, certification, trademark, and post-termination rules I-CON agreed to follow and against which its conduct can be measured. Zhang Decl. ¶¶ 27-29.

*Second,* records concerning Vendor IDs 1 and 5, from the time those IDs were initially assigned, will confirm Rockwell's ownership (or, for Vendor ID 5, its predecessor Reliance Electric's ownership) and therefore bear on whether I-CON's use of those IDs falsely suggested affiliation with or authorization by Rockwell. *Id.* ¶¶ 30-31.

*Third,* I-CON's membership agreement and records concerning Vendor ID 1447 will show the obligations I-CON accepted, the scope and status of its authorized Vendor ID, and its knowledge of the rules it later violated by continuing to use ODVA technology after termination. *Id.* ¶¶ 32-33.

*Fourth,* chain-of-title and intellectual property ownership documents for EtherNet/IP, CIP, DeviceNet, ControlNet, and related technology will bear on Rockwell's independent intellectual-property rights and Rockwell's allegations that I-CON infringed those rights, separate from the ODVA membership issues. *Id.* ¶¶ 34-35.

[2] I-CON was formed in China in or around April 2016. *See* Zhang Decl. ¶ 29.

*Fifth,* I-CON's conformance-testing and certification files, limited to January 1, 2020 to the present, will identify the products, firmware versions, and configurations ODVA tested and certified and whether I-CON marketed or sold products beyond the scope of those certifications, directly bearing on Rockwell's false-advertising and confusion claims. *Id.* ¶¶ 36-37.

*Sixth,* documents concerning ODVA's termination of I-CON's membership and I-CON's post-termination conduct, limited to January 1, 2020 to the present, will document the termination, related notices and communications, I-CON's continued use or marketing of ODVA technology, and whether I-CON knew that such use was unauthorized. *Id.* ¶¶ 38-40.

Each category is therefore confined to records bearing on authorization, product identity, certification scope, notice, knowledge, likely confusion, or the truth or falsity of I-CON's marketplace representations. *Id.* ¶¶ 24-26; Compl. §§ III-IV. The requests do not seek broad corporate records or information unrelated to Rockwell's claims in the Chinese Proceeding. Accordingly, Applicants satisfy the fourth *Intel* prong.

## IV. THE COURT SHOULD GRANT THE APPLICATION *EX PARTE*

The Court should grant the Application *ex parte* because doing so would cause no prejudice to ODVA as a matter of law. "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 ex parte. The respondent's due process rights are not violated because [they] can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (collecting cases); *see also In re Alpine Partners*, 2023 WL 4199082, at *1 ("An ex parte application is an acceptable method for seeking discovery under § 1782."). "Because the respondents will have the opportunity to challenge [the] subpoena[] once served (including but not limited to a challenge as to whether section 1782 assistance should be afforded at all)," courts

frequently grant Section 1782 requests *ex parte*. *In re JSC BTA Bank*, 577 F. Supp. 3d 262, 268 (S.D.N.Y. 2021); *see also In re Bartholet*, 2025 WL 5261450, at *2 ("[T]he dangers posed by ex parte relief are greatly diminished here because the respondent can contest the basis for the district court's grant of an application before the respondent ever has to produce the sought-after discovery.").

Indeed, district courts within the Sixth Circuit routinely permit *ex parte* 1782 petitions. *See In re Apotex, Inc.*, 2008 U.S. Dist. LEXIS 107453, at *1-2 (E.D. Mich. Dec. 4, 2008) (granting ex parte § 1782 application and authorizing issuance of subpoena for documents and testimony directed to individuals located within the district); *In re Ltr. Rogatory from J. Ct., Dist. of Montreal, Canada*, 383 F. Supp. 857, 857 (E.D. Mich. 1974), aff'd, 523 F.2d 562 (6th Cir. 1975) ("Section 1782, a subpoena was signed by a United States District Judge in the Eastern District of Michigan on September 5, 1974, ex parte."); *In re IPC Do Nordeste, LTDA, For an Or. Seeking Discovery Under 28 U.S.C. 1782*, 12-50624, 2012 WL 4448886, at *2 (E.D. Mich. Sept. 25, 2012) (noting the court previously granted ex parte application for discovery under § 1782); *In re Application of Nokia Corp.*, 107-MC-47, 2007 WL 1729664, at *1 (W.D. Mich. June 13, 2007) (same).

Here, ODVA would not be prejudiced should the Court grant the Application *ex parte* because ODVA would have the opportunity to challenge the Subpoena after service.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the Application and enter the Proposed Order, attached as Exhibit 3 hereto, granting leave to serve the Subpoena submitted in connection with the Application.

September 18, 2026

Respectfully submitted,

*/s/ Scott H. Sirich*

**PLUNKETT COONEY**
Scott H. Sirich (P46879)
38505 Woodward Ave #100
Bloomfield Hills, MI 48304
T: (248) 594-8228
F: (248) 901-4040
Email: ssirich@plunkettcooney.com

**ALSTON & BIRD LLP**
E. Scott Schirick
Alan Mendelsohn
90 Park Avenue
New York, NY 10016
D: 212-905-9032
Email: scott.schirick@alston.com
alan.mendelsohn@alston.com

*Attorneys for Rockwell Automation, Inc. and Rockwell Automation (China) Co., Ltd.*